UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUSTIN TRACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:04-cv-00619-TAB-DFH |
| | ) | |
| FINANCIAL INSURANCE | ) | |
| MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS
PURSUANT TO RULE 37 AND FOR OTHER RELIEF**

**A.     Introduction**.

This cause is before the Court on Plaintiff's Motion for Sanctions Pursuant to Rule 37 and for Other Relief.  [Docket No. 42].  The matter having been fully briefed, the Court held a telephonic status conference on July 18, 2005, for the purpose of addressing Plaintiff's motion. The parties participated in this status conference by counsel and were given a full opportunity to present arguments.  For the reasons and in the manner set forth below, Plaintiff's motion is granted in part and denied in part.

**B.     Background**.

At issue in the instant motion are Defendant's responses and supplemental responses to Plaintiff's first request for production of documents and first set of interrogatories served on November 8, 2004.  [Docket No. 41, ¶ 8].  Included in Plaintiff's initial discovery were requests seeking "all e-mails written by or about Plaintiff" and requests seeking compensation information for Defendant's Regional Managers.  [Docket No. 41, ¶ 8].  Defendant responded to Plaintiff's requests on or about December 14, 2004.  [Docket No. 41, ¶ 9].  By all accounts, the

parties engaged in an ongoing dialogue regarding the completeness of Defendant's production including, among other things, production of e-mail and compensation reports for Defendant's regional manager positions.

To the credit of both parties, this dialogue resulted in several supplemental responses by Defendant. [Docket No. 41, ¶ 9; Docket No. 47, p. 8]. While Defendant believes it produced all responsive compensation information as early as February 2004, it concedes that the physical upgrade of Defendant's computer systems subsequent to Plaintiff's 2003 termination delayed its discovery of e-mails and other electronic data stored on its computers until April 2004. [Docket No. 47, p. 6]. Consequently, Defendant ultimately supplemented its responses and produced additional e-mails on the final day Plaintiff was conducting depositions of Defendant's witnesses in Florida. This production followed Defendant's February 2004 representation to Plaintiff that it had no additional responsive e-mails. [Docket No. 47, p. 6]. To allow Plaintiff time to review the latest production, the parties reached an agreement to hold open the depositions of those witnesses who had not been deposed and to re-open two depositions that commenced previous to Defendant's supplemental production. [Docket No. 47, p. 8]. The parties further agreed to reasonable extensions of the discovery deadlines if necessary. [Docket No. 47, p. 8].

Plaintiff contends that Defendant hindered and prejudiced the discovery process when it produced requested e-mails in the eleventh hour of discovery and after intrastate deposition of key witnesses had commenced. He additionally argues that Defendant failed to comply with

Plaintiff's requests concerning damages evidence.[1]

With respect to the discovery of e-mails, Defendant counters that any tardy production of e-mails was inadvertent and an unforeseen consequence of two physical upgrades to its computer systems. [Docket No. 47, p. 10]. Defendant adds that it timely supplemented its responses with any newly discovered documents responsive to Plaintiff's requests. [Docket No. 47, p. 10]. Defendant's witnesses further disavow any knowledge of any discarded or destroyed documents or the existence of additional responsive information. [Docket No. 47, p. 10]. Concerning Plaintiff's request for regional manager information, Defendant asserts that it produced all relevant compensation information, that it knows of no single document that comprehensively contains the information sought by Plaintiff, and that it is under no obligation to create such a document. [Docket No. 47, pp. 6, 12]. Lastly, Defendant contends that the Plaintiff has not been prejudiced by this matter. [Docket No. 47, pp. 14-16].

**C.    Discussion.**

Rule 37(c)(1) provides for "appropriate sanctions" when a party, without substantial justification, fails to make a required discovery response or supplement a prior response. The ability to sanction falls squarely within the discretion of the district court, which "is in the best position to....settle any discovery disputes" that arise in litigation. Gile v. United Airlines, Inc., 95 F.3d 492, 495 (7th Cir. 1996); see also Patterson v. Coca Cola Bottling Company Cairo-Sikeston, Inc., 852 F.2d 280, 283 (7th Cir. 1988). A party may avoid sanctions if it can

---

[1] Plaintiff also asserts that Defendant breached a confidentiality agreement between the parties when it disclosed to its witnesses protected information from the Plaintiff without making them privy to the agreement's requirements and/or binding them to the agreement by signature. Upon Defendant's submission of the signed confidentiality agreements by the witnesses in question, the parties concede that this issue is moot.

demonstrate substantial justification for a discovery violation or the court finds that the violation in the absence of any substantial justification was harmless. Musser v. Gentiva Health Services, 356 F.3d 751, 755 (7th Cir. 2004). Where a court determines that sanctions are necessary, "the sanction selected must be one that a reasonable jurist, apprised of all of the circumstances, would have chosen as proportionate to the infraction." Salgado v. General Motors Corporation, 150 F.3d 735, 740 (7th Cir. 1998).

As expressed to counsel at the July 18, 2005 conference, the Plaintiff's contentions concerning the discovery issues he identifies are well taken in some respects. In other respects, Plaintiff's arguments fall short. Nevertheless, the Court does not deem it particularly helpful or necessary to address the specific interrogatory and production responses that Plaintiff claims are deficient. Rather, it is more productive to focus on the primary discovery issues that, once addressed, should substantially eliminate this discovery disagreement between counsel. Accordingly, the Court focuses on these issues.

      **1.**      **Discovery of Electronic Data.**

Plaintiff contends that he was prejudiced when he relied on Defendant's statements regarding the completeness of discovery and endeavored to depose Defendant's witnesses in Florida. He argues that the Defendant did not comply with its Rule 26 duty to preserve and produce discoverable evidence. He further asserts that Defendant's inability to demonstrate a substantial justification for the April 2004 production of e-mails warrants sanctioning by the Court. [Docket No. 45, pp. 5-11]. In requesting such, Plaintiff relies primarily on Zubulake v. UBS Warburg, 2004 WL 1620866 (S.D.N.Y. 2004), and refers the Court to its own previous decision, Johnson v. Federal Express Corp., 2002 WL 362753 (S.D. Ind. 2002).

Defendant responds that Zubulake is inapplicable because the central issue in that case concerned instances where a party failed to preserve or retain relevant evidence. Defendant disagrees with Plaintiff's characterization of this dispute and states that it complied with Fed. R. Civ. P. 26 when it supplemented its responses within a reasonable time after the discovery of the responsive information.

Based on the totality of the available information, the Court is not persuaded that Defendant failed to preserve or retain information as it is required to do pursuant to the rules of discovery. The unrebutted evidence demonstrates that Defendant did retain and preserve its electronic data after receiving Plaintiff's July 31, 2003, document retention letter to the Defendant. In fact, Defendant supplemented its responses on several occasions and proffered uncontroverted testimony from its key witnesses that none of the information at issue was discarded or destroyed. [Docket No. 47, p. 10.] Consequently, Zubulake is inapplicable.

However, the Court finds that Defendant was tardy in its production and that its belated production was not substantially justified. Presumably, the Defendant was aware of the physical upgrades to its own computer system and was in a position to know, or should have known, that responsive electronic data may have been stored elsewhere than in the new system. Additionally, the Court finds that Defendant's last-minute production during intrastate depositions of its witnesses in Florida harmed the Plaintiff. Counsel for Plaintiff had to arrange travel from Chicago to Florida to conduct these depositions. Defendant's conduct violates Rule 37 and warrants some measure of sanction. In determining what sanction is appropriate, the Court is mindful that this discovery dispute has not been prolonged, that Defendant has supplemented its responses on several occasions, and that the harm to Plaintiff can be mitigated

5

in several ways.[2]  Accordingly, Plaintiff's motion for sanctions is granted in part and denied in part.

The Court denies Plaintiff's motion to the extent it requests the Court to order any further investigation by Plaintiff for missing electronic data.  However, Defendant shall remain diligent in the investigation for and production of responsive information to Plaintiff.  The Court grants Plaintiff's motion to the extent it seeks an opportunity to re-depose Defendant's key witnesses concerning the documents Defendant produced in Florida.  Specifically, Defendant shall pay all costs associated with any telephonic deposition Plaintiff deems necessary.  Should Plaintiff deem it necessary to depose these individuals in person in Florida, the parties shall split all costs (including travel and necessary lodging) of those depositions equally.  Finally, the Court's July 27, 2005, Entry renders Plaintiff's motion with respect to case management deadlines moot and no further action is required by the Court.  [See Docket Nos. 51-52].

**2. Discovery of Damages Evidence.**

Plaintiff also asserts that Defendant refuses to produce sufficient information to allow Plaintiff to calculate its damages.  [Docket No. 45, p. 16].  Namely, Plaintiff seeks compensation information for all of Defendant's regional managers.  [Docket No. 45, pp. 16-17].  Defendant counters that it produced all responsive information and is not obligated to create a summary document compiling all of the information provided to Plaintiff in alternative forms.  [Docket No. 47, p. 12].

---

[2] In this respect, this matter is wholly distinct from the issues before the Court in Johnson v. Federal Express Corporation, 2002 WL 362753 (S.D. Ind. 2002), where the defendant failed to abide by the deadlines imposed by the Court, responded to discovery requests only after a motion for sanctions was filed, and forwarded its responses more than a year and a half after plaintiff initially served her discovery.

Based on the record before the Court, as well as representations made during the hearing regarding this matter, the Court finds that the Plaintiff has not sufficiently demonstrated that Defendant failed to produce all responsive information related to Plaintiff's request for regional manager compensation information. Defendant asserts, and Plaintiff does not refute, that it has produced compensation information in a variety of forms. The Court cannot find that Defendant has been derelict in its duty to produce compensation information for its regional managers. Accordingly, Plaintiff's motion as it relates to the production of additional damages evidence is denied.

**D.     Conclusion.**

To the extent any specific relief sought by Plaintiff is not addressed above, Plaintiff's motion is otherwise denied. As set forth above, Plaintiff's motion for sanctions and other relief is granted in part and denied in part as follows:

1. Plaintiff's motion with respect to the re-deposition of witnesses residing in Florida is granted in part and denied in part. Defendant shall pay all costs associated with any telephonic deposition Plaintiff deems necessary. Should Plaintiff deem it necessary to depose these individuals in person in Florida, the parties shall split all costs of those depositions equally, including travel and necessary lodging.

2. Plaintiff's motion regarding the production of additional damages related information is denied.

3. Plaintiff's motion concerning the confidentiality agreement is denied as moot.

4.  Plaintiff's motion regarding monetary sanctions is denied without prejudice. In the event that the Plaintiff ultimately obtains a judgment in this action, the Plaintiff may then request payment of fees associated with this matter.

Date: 08/22/2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Andrew Froman
CLARK DEMAY FARA & FROMAN P.A.
afroman@sarasotafirm.com

Byron L. Myers
ICE MILLER
myers@icemiller.com

Ryan Mccabe Poor
ICE MILLER
poor@icemiller.com

Jill S. Weinstein
PEDERSEN & WEINSTEIN LLP
jweinstein@pwllp.com